THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| MARY ANN WHITE    xxx-xx-3797 | § | CASE NO.   11-10170 |
| 9655 RIGGS ST | § | |
| BEAUMONT, TX 77707 | § | |
| | § | CHAPTER 13 |
| | § | |
| | § | |
| | § | |
| DEBTOR(S) | § | |

**TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS**
**(WITH NOTICE OF BAR DATE FOR ADDITIONAL OBJECTIONS TO CLAIMS)**

## Notice Regarding Trustee's Recommendation Concerning Claims:

THIS DOCUMENT SHALL CONSTITUTE AN **OBJECTION TO YOUR CLAIM** UNLESS THE RECOMMENDATION IN THIS DOCUMENT CONCERNING YOUR CLAIM ACCEPTS YOUR PROOF OF CLAIM PRECISELY AS FILED.

NO HEARING WILL BE CONDUCTED ON THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE TRUSTEE WITHIN **TWENTY-EIGHT (28) DAYS** FROM DATE OF SERVICE, UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE OR OBJECTION.

IF NO OBJECTION IS TIMELY SERVED AND FILED TO THIS DOCUMENT, THE TRUSTEE'S RECOMMENDATION CONCERNING YOUR CLAIM SHALL BE SUSTAINED AS UNOPPOSED AND YOUR CLAIM SHALL BE ALLOWED ONLY AS SET FORTH IN THIS DOCUMENT.  IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.

## Notice of Deadline for Filing Objections to Claim:

YOU ARE FURTHER NOTIFIED that the **deadline for filing an objection** to the allowance of any proof of claim filed in this case, or to avoid or otherwise challenge the validity of any security interest claimed in any proof of claim in this case, is the **twenty-first (21st) day** following the date of service of this document.

TO THE HONORABLE JUDGE OF SAID COURT:

   COMES NOW, John J. Talton, Trustee in these proceedings, and making this his recommendation concerning claims, would respectfully show the Court as follows:

1. **Purpose of the Trustee's Recommendation Concerning Claims:**  The time for filing claims in this proceeding has expired.  The Trustee has reviewed all of the claims filed in this proceeding and compared such to the terms of the confirmed Plan. The purposes of the Trustee's Recommendation Concerning Claims is as follows:

    a.   to reconcile the terms of the confirmed Chapter 13 Plan with the claims as actually filed by the Creditors, including, if applicable, the Trustee's objections to claims pursuant to the provisions of Paragraph 5 herein;
    b.   to set forth herein his recommendations on his disbursements of plan payments to the creditors and their claims as a result of this reconciliation;
    c.   to give notice to the parties of interest the result of this reconciliation and the Trustee's recommended disbursements of plan payments to the creditors and their claims as a result of this reconciliation; and
    d.   to give the parties of interest an opportunity to object to these recommendations and proposed disbursements.

Claim Recommendations

Ultimately, a Court Order will be entered approving the Trustee's recommendations as set forth herein [as possibly modified as a result of objection(s), if any, filed herein] and the Trustee shall commence disbursing to the creditors in accordance to such recommendations. The attached schedules set forth the Trustee's recommendations on how the claims should be paid or, if applicable, should not be paid, pursuant to the terms of the confirmed Chapter 13 Plan as reconciled with the claims as actually filed herein.

2. **Opportunity to Object to the Trustee's Recommendation Concerning Claims:** If a party in interest disagrees with any of the Trustee's recommendations as set forth in the attached Schedules, such party may file a response to the Trustee's Recommendation Concerning Claims. However, responses to the Trustee's recommendations MUST BE FILED within twenty-eight (28) days from the date of service hereof. In the absence of a timely objection to the Trustee's recommendations as set forth herein, the Court shall enter a Court Order sustaining the recommendations as set forth herein AND SUCH TREATMENT WILL BE FINAL AND BINDING ON ALL PARTIES WITHOUT FURTHER ORDER OF THE COURT.

3. **Valuation of Collateral subject to Cram Down:** Pursuant to an additional provision added to the Chapter 13 Plan and/or Confirmation Order, replacement value of the collateral as set forth in Paragraph 6(A)(ii)(b) of the Chapter 13 Plan was not set at confirmation and is not binding upon the creditor unless the creditor has agreed to the value as set forth in the Chapter 13 Plan and/or Confirmation Order or the Court has entered a Court order setting such value. The Trustee shall pay these claims pursuant to the provisions of the confirmed Chapter 13 plan. However, the terms of the confirmed Chapter 13 Plan may be infeasible if the replacement value as set forth therein is different from the replacement value as set forth in the proof of claim.

4. **Objections to Claims by Parties in Interest:** The deadline for filing an Objection to the allowance of any proof of claim filed in this case or to avoid or otherwise challenge the validity of any security interest claim in any proof of claim in this case is the **twenty-first (21st) day** following the date of service of this document. Any such Court Order entered subsequent to the filing of this Trustee's Recommendation Concerning Claims shall constitute an amendment of these Recommendations.

5. **Objections to Claims by Trustee:** Through this Trustee's Recommendation Concerning Claims, if applicable, the Trustee objects to certain claims as set forth in the attached Schedule XI for the reasons as stated therein. To the extent applicable, the Trustee asserts the grounds for such an objection to include claim(s) filed after the Claims' Bar Date without authority from the Court to file such; claim(s) filed in the wrong case; and claim(s) that are duplicate to another claim filed in this case. Otherwise, the Trustee is not objecting to the claims but is simply setting forth herein how the claim shall be paid or not paid, if applicable, under the terms of the plan as confirmed.

6. **Distribution to Creditors Pursuant to the Trustee's Recommendation Concerning Claims:** The Trustee's payment of all claims *as set forth herein* is subject to the availability of funds. Claims to which a specified monthly payment is designated shall be paid in advance of those to which a monthly payment is not so specified. Claims to which a monthly payment is not specified shall be paid concurrently with all other claims with the same classification on a pro rata basis to the extent funds are available on a monthly basis with other similarly situated claims after payment of claims with specified monthly payments. To the extent claims are paid through the plan and the Trustee acts as the disbursing agent, if an interest rate is specified, said claim shall be paid interest as calculated by the Trustee from confirmation of the plan or the date to which a proof of claim is filed, whichever is later. If no interest rate is so specified no interest shall accrue or be paid under the reorganization plan. The monthly payments and interest rates applicable to a particular claim, if applicable, are set forth in the attached Schedules.

7. __X__ **Trustee's Certification, if applicable, that all Claims have been properly adjudicated:** The Trustee is of the opinion that if this Trustee's Recommendation Concerning Claims is approved as set forth herein that as of the present time, all proofs of claim filed in the above-referenced case will be reconciled with the terms of the confirmed Chapter 13 Plan in this case without the necessity of a plan modification. Trustee hereby certifies that all proofs of claim have been reconciled with the terms of the confirmed plan without the necessity of a plan modification.

_____ **Trustee's Notice, if applicable, that Plan is infeasible as underfunded:** The Trustee is of the opinion that the plan as confirmed, based on the allowance of claims as set forth herein, is infeasible in that it is underfunded. Debtor(s) must address the infeasibility of this plan within forty-five (45) days of the service of this document. In the event the infeasibility of this plan is not timely addressed by the debtor(s), the Trustee or other interested party may file a motion to dismiss debtor(s)' plan.

_____ **Trustee's Notice, if applicable, that Plan is infeasible due to its failure to provide for all priority claims:** The Trustee is of the opinion that the plan as confirmed, based on the allowance of claims as set forth

herein, is infeasible in that it fails to provide for the payment of one or more priority claim(s). Debtor(s) must address the infeasibility of this plan within forty-five (45) days of the service of this document. In the event the infeasibility of this plan is not timely addressed by the debtor(s), the Trustee or other interested party may file a motion to dismiss debtor(s)' plan

_____   **Trustee's Notice, if applicable, that Plan is infeasible due to its failure to fully provide for all secured claims subject to Cram Down:** The Trustee is of the opinion that the plan as confirmed, based on the allowance of claims as set forth herein, is infeasible because it fails to provide for the payment of the full replacement value of the collateral of a secured claim that is subject to cram down that has not otherwise been resolved by an agreement of the Debtor(s) and the affected Creditor or by the entry of a Court Order setting value for said collateral. Debtor(s) must address the infeasibility of this plan within forty-five (45) days of the service of this document. In the event the infeasibility of this plan is not timely addressed by the Debtor(s), the Trustee or other interested party may file a motion to dismiss debtor(s)' plan.

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS (WITH NOTICE OF BAR DATE FOR ADDITIONAL OBJECTIONS TO CLAIMS) has been served upon the following parties in interest on or before the date set forth below by electronic mail and/or by mailing a copy of same to them via first class mail 10/31/11.

TRIANGLE LOANS
1320 CALDER
BEAUMONT, TX 77701-

And to the parties on the attached mailing matrix.

Respectfully submitted,

/s/ John J. Talton
John J. Talton, SBN 19629700
Lloyd T. Kraus, SBN 24066773
Office of the Standing Chapter 13 Trustee
110 N. College Avenue, Suite 1200
Tyler, TX  75702
(903)593-7777, Fax (903) 597-1313

# SCHEDULE I
## Administrative Expenses

The confirmed plan provides for the payment of the Trustee for each disbursement in accordance with the percentage as fixed by the United States Trustee as well as the payment of the following administrative claims in the amounts set forth herein.

| CLAIMANT | CLASS Claim# | AMOUNT | MO. PAYMENT | DESCRIPTION |
|---|---|---|---|---|
| DAVID B. PACKARD<br>1240 ORLEANS<br>BEAUMONT, TX 77701- | Legal | $2810 | First Funds | ATTORNEY FEES PRAYED FOR $3000.00; $190.00 PAID DIRECT BY DEBTOR; $2810.00 TO BE PAID THRU PLAN FROM FIRST FUNDS. NO STAY LITIGATON FEE REQUESTED. |
|  |  |  |  |  |
|  |  |  |  |  |

# SCHEDULE II

The confirmed plan provides for the following unsecured priority claims to be paid and said claims shall be paid as set forth herein.

### Unsecured Priority Domestic Support Obligation Claims

The "Unsecured Priority Domestic Support Obligation" claims, if any, shall be paid in full, without interest, concurrently with secured claims.

| CLAIMANT | Trustee /Court Claim# | AMOUNT | INTEREST (in decimal) (ie .1 = 10%) | MO. PAYMENT | DESCRIPTION |
|---|---|---|---|---|---|
| NONE |  |  |  |  |  |
|  |  |  |  |  |  |

### Other Unsecured Priority Claims

The "Other Unsecured Priority Claims", if any, shall be paid in full, without interest, subsequent to payment of secured claims and unsecured priority Domestic Support Obligation claims, lease arrearage claims, and domestic support claims but prior to General Unsecured Claims.

| CLAIMANT | Trustee/ Court Claim# | AMOUNT | INTEREST (in decimal) (ie .125 = 12.5%) | MO. PAYMENT | DESCRIPTION |
|---|---|---|---|---|---|
| NONE |  |  |  |  |  |
|  |  |  |  |  |  |

Claim Recommendations

## SCHEDULE III
## Pay Full Claims i.e. No Cram Down

The confirmed plan provides for the following claims to be paid in full, bifurcation of said claim is not applicable, and shall be paid in full in the amount set forth below with interest, if any, at the monthly payment as set forth below. Please note that the secured portion of the claim as paid herein has been reduced by the amount of adequate protection payments, if any, as set forth in this Schedule paid in advance of other claims.

| CLAIMANT | Trustee/ Court Claim# | AMOUNT | INTEREST (in decimal) (ie .05 = 5 %) | MO. PAYMENT | DESCRIPTION |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## SCHEDULE IV
## Pay Lesser of Value of Collateral or Claim Amount i.e. Cram Down

The confirmed plan provides for the following claims to be paid as secured to the extent of the replacement value as set forth in the confirmed plan of the collateral securing said claim. The replacement value as reflected herein reflects either the replacement value set forth in the confirmed Chapter 13 plan; an agreement between the Debtor(s) and Creditor as reflected in the terms of the Confirmation Order; or the replacement value as set by Court order. **Nothing contained herein shall constitute the setting of replacement value of the underlying collateral absent such an agreement or Court order if the replacement value in the confirmed Chapter 13 plan and the replacement value as set forth in the underlying claim differ.** To the extent said claims are classified as "Secured", those claims shall be paid in the amount set forth below with interest, if any, at the monthly payment as set forth below. Please note that the secured portion of the claim as paid herein has been reduced by the amount of adequate protection payments, if any, as set forth in this Schedule that were paid in advance of other claims. To the extent said claims exceed the value of the collateral securing said claims, such claims are set forth below classified as "General Unsecured" and shall be paid as those claims set forth in Schedule VI entitled "General Unsecured Claims".

| CLAIMANT | Trustee/ Court Claim# | AMOUNT | INTEREST (in decimal) (ie .055 = 5.5%) | MO. PAYMENT | DESCRIPTION |
|---|---|---|---|---|---|
| SAFE CREDIT UNION 2002 N 11TH ST BEAUMONT, TX 77703 | Secured 006/07 | $9376 | 0.05 | $204.87 | 05 CHEVY TAHOE / FILED BY DEBTOR |
| SAFE CREDIT UNION 2002 N 11TH ST BEAUMONT, TX 77703 | Secured 006/07 | $124 | 0 | Adequate Protection | 05 CHEVY TAHOE / FILED BY DEBTOR |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

In the event that the replacement value of the underlying collateral as set forth in the terms of the confirmed plan differs from the replacement value of said collateral as set forth in the proof of claim and absent an agreement between the Debtor(s) and Creditor or a Court order setting value, the Trustee has noted that this plan is infeasible and that the Debtor(s) have forty-five (45) days from the service of this document to address the valuation of the collateral.

Claim Recommendations

# SCHEDULE V
## Pay Arrears Only of Secured Claims

The confirmed plan provides for the following claims to be paid as set forth below as the Trustee has determined said claim to represent arrearages on secured claims. The ongoing payments on said claim shall be paid direct by the debtor wherein the debtor shall act as the disbursing agent.

| CLAIMANT | Trustee/Court Claim# | AMOUNT | INTEREST (in decimal) (ie .045 = 4.5%) | MO. PAYMENT | DESCRIPTION |
|---|---|---|---|---|---|
| CITIMORTGAGE, INC PO BOX 829009 DALLAS, TX 75382- | 003/05 | $3882.31 | 0.05 | $83.72 | MORTGAGE ARREARS/HOMESTEAD / FILED BY DEBTOR |
| JEFFERSON COUNTY PO BOX 2112 BEAUMONT, TX 77704-2112 | 005/01 | $1779.62 | 0.12 | $53.16 | PROPERTY TAXES/HOMESTEAD |
| TEXAS VETERAN'S LAND BOARD 1 CORPORATE DR LAKE ZURICH, IL 60047- | 009/08 | $1669.04 | 0.05 | $35.99 | ARREARAGE CLAIM- LAND IN CHEEK, TX / FILED BY DEBTOR |
| COUNTY OF HARDIN 700 JEFFREY WAY, SUITE 100 P O BOX 1269 ROUND ROCK, TX 78680- | 031/09 | $2217.71 | 0.12 | $26 | AD VALOREM TAXES / OVERRIDES CLAIM FILED BY DEBTORS ATTORNEY |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

# SCHEDULE VI
## General Unsecured Claim(s)

The claimants as set forth herein will be paid as general unsecured claims and shall be paid as such on a pro rata basis after payment in full of all secured and unsecured priority claims as set forth above.

| CLAIMANT | Trustee/Court Claim# | AMOUNT | INTEREST (in decimal) | DESCRIPTION |
|---|---|---|---|---|
| TRIANGLE LOANS 1320 CALDER BEAUMONT, TX 77701- | 024/02 | $266 | 0 | TRIANGLE LOANS |
| SPEEDY CASH 3611 N RIDGE RD WITCHITA, KS 67205- | 028/03 | $1532.26 | 0 |  |
| SFC - CENTRAL BANKRUPTCY & RECOVERY DEPT PO BOX 1893 SPARTANBURG, SC 29304- | 029/04 | $266.55 | 0 |  |
|  |  |  |  |  |
|  |  |  |  |  |

Claim Recommendations

# SCHEDULE VII
## Scheduled Claims to Which No Claim Was Filed

The following creditors were scheduled as creditors in the Debtor(s)' bankruptcy schedules filed herein but have failed to file a proof of claim. Therefore, the Trustee shall not make distributions or payments to these creditors:

| CLAIMANT | Trustee/ Court Claim# | SCHEDULED AMOUNT | DESCRIPTION |
| --- | --- | --- | --- |
| ALLSTATE<br>4920 WESTWAY PARK BLVD<br>HOUSTON, TX 77041- | 010/ | $378 | |
| ALPAT COMPANY, INC<br>P O BOX 1689<br>SLIDELL, LA 70459- | 011/ | $143 | HIBERNIA |
| AMERICAN MEDICAL COLLECTION AGENCY<br>2269 S SAWMILL RIVER RD<br>BLDG 3<br>ELMSFORD, NY 10523- | 012/ | $68 | MEDICAL LABORATORY CORPORATION OF |
| US DEPT OF EDUCATION<br>PO BOX 530229<br>ATLANTA, GA 30353-0229 | 013/ | $20324 | STUDENT LOAN |
| DIAGNOSTIC GROUP OF SOUTHEAST TX<br>3070 COLLEGE ST, STE 300<br>BEAUMONT, TX 77701- | 014/ | $152.35 | |
| DUPONT CREDIT UNION<br>7505 EASTEX FRWY<br>BEAUMONT, TX 77708- | 015/ | $206 | |
| ENHANCED RECOVERY CORPORATION<br>8014 BAYBERRY ROAD<br>JACKSONVILLE, FL 32256-7412 | 016/ | $502 | SPRINT |
| ER SOLUTIONS<br>800 SW 39THS ST<br>RENTON, WA 98055- | 017/ | $501 | SPRINT |
| INTERNATIONAL FINANCIAL SERVICE<br>374 4TH AVE<br>HUTCHINSON, KS 67501- | 018/ | $100 | ADVANCE AMERICA |
| | | | |

Claim Recommendations

| CLAIMANT | | AMOUNT | DESCRIPTION |
|---|---|---|---|
| LAMONT HANDLEY & ASSOC<br>1138 ELM ST<br>MANCHESTER, NH 03101- | 019/ | $578 | SECURITY NATIONAL INSURANCE |
| MASSEYS<br>P O BOX 2822<br>MONROE, WI 53566- | 020/ | $159.2 | |
| NCO FINANCIAL SYSTEMS, INC.<br>P O BOX 13564<br>PHILADELPHIA, PA 19101 | 021/ | $260 | BAPTIST HOSPITAL OF SE TEXAS |
| PREMIERE<br>2002 NO WESLEY, STE 100<br>INDIANAPOLIS, IN 46219- | 022/ | $126 | DIAGNOSTIC HEALTH CORPORATION |
| RADIOLOGY ASSOCIATES<br>P O BOX 12480<br>BEAUMONT, TX 77726 | 023/ | $10.79 | |
| SAFE CREDIT UNION<br>2002 N 11TH ST<br>BEAUMONT, TX 77703 | 025/ | $384 | |
| SOUTHEAST TEXAS MEDICAL ASSOCIATES<br>2929 CALDER ST., #100<br>BEAUMONT, TX 77702- | 026/ | $120 | |
| | | | |
| | | | |

## SCHEDULE VIII
### Direct Payments- Debtor to act as disbursing agent

The following claims are designated to be paid direct by the Debtor (arrearages may be paid through the plan by the Trustee as indicated above if applicable) where the Debtor shall act as disbursing agent.

| CLAIMANT | Trustee/Court Claim# | AMOUNT | DESCRIPTION |
|---|---|---|---|
| CITIMORTGAGE, INC<br>PO BOX 829009<br>DALLAS, TX 75382- | 002/05 | $0 | MORTGAGE/HOMESTEAD/FILED BY DEBTOR FOR ARREARS ONLY |
| TEXAS VETERANS LAND BOARD<br>1 CORPORATE DR<br>STE 360<br>LAKE ZURICH, IL 60047-8945 | 008/ | $31195.82 | DEED OF TRUST-LAND IN CHEEK, TX/NO CLAIM FILED |
| | | | |
| | | | |

Claim Recommendations

# SCHEDULE IX
## Claims Not Provided For In Debtors Plan for Reorganization

The following creditors have filed Secured and/or Unsecured Priority Claims, but which were not provided for in Debtor(s)' confirmed Chapter 13 Plan. As such the following creditors shall not be paid by the Trustee.

| CLAIMANT | Trustee/ Court Claim# | AMOUNT | DESCRIPTION |
|---|---|---|---|
| SPEEDY CASH L&G FINANCE 715 W ABRAM ST ARLINGTON, TX 76013-0000 | 007/ | $1201.58 | 05 TAHOE/NO CLAIM FILED |
| | | | |

In the event that there are priority claims not provided for in the confirmed Chapter 13 plan as herein noted, the Trustee has noted that this plan is infeasible and that the Debtor(s) have forty-five (45) days from the service of this document to address these priority claims.

# SCHEDULE X
## Surrendered Claims Which Trustee Will Not Pay

The confirmed plan provides for the surrender of the collateral securing said claim in satisfaction thereof. In the event said claimant files an amended claim reporting a deficiency following the surrender of such claim within 60 days of the filing of this recommendation, said claim will be paid by the Trustee through debtor(s) plan as a "General Unsecured Claim(s)".

| CLAIMANT | Trustee/ Court Claim# | AMOUNT | DESCRIPTION |
|---|---|---|---|
| NONE | | | |
| | | | |

# SCHEDULE XI
## Claims Which the Trustee Will Not Pay For Reasons Set Forth In The Description Herein

The following claims will not be paid by the Trustee for one of the following reasons: the underlying claim cannot be reconciled with the terms of the confirmed plan for the reasons as stated herein; or, the Trustee objects to the claim as being filed late after the claims bar date, the claim was filed in the wrong case, or the claim is a duplicate of another claim. To the extent that the Trustee is objecting to the claim as herein noted, the Trustee requests the Court to take judicial notice of the Claims Bar Date and the date the underlying claim was filed; the name(s) of the debtor(s) and case number as noted on the underlying claim and the name(s) of the Debtor(s) and case number of this bankruptcy case; and/or the existence of a duplicate claim filed herein by the same Creditor.

| CLAIMANT | Trustee/ Court Claim# | AMOUNT | DESCRIPTION |
|---|---|---|---|
| SHIRLEY STEPHENS TAC P O BOX 2260 KOUNTZE, TX 77625 | 004/06 | $1036.32 | LAND IN CHEEK, TX-PROPERTY TAXES / FILED BY DEBTOR /OVERRIDDEN BY CREDITOR CLAIM # 9 |
| | | | |
| | | | |

Claim Recommendations

## SCHEDULE XII
## Void Lien Claims

The terms of the confirmed plan provides that the lien held by the following Creditors is voided pursuant to the provisions of 11 U.S.C. 522(f) and the Trustee will pay these claims as a general unsecured claim along with the claims as set forth in Schedule VI hereof.

| CLAIMANT | Trustee/ Court Claim# | AMOUNT | DESCRIPTION |
|---|---|---|---|
| NONE | | | |
| | | | |